UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAYNOR ROMEO CAMEY BATZIN,                          Civil Action No.

                            Plaintiff,

   -against-

DUNE WOODWORKING INC. and
CARL SCHAFFER JR.,

                            Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, MAYNOR ROMEO CAMEY BATZIN ("Plaintiff"), as and for his Complaint against Defendants, DUNE WOODWORKING INC. (hereinafter, "Dune") and CARL SCHAFFER JR. (hereinafter, "Schaffer") (hereinafter collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations Part 142 (hereinafter, the "Regulations") to recover unpaid overtime compensation and for other relief.

2.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a carpenter from on or about January 2015 until on or about April 11, 2018.

6. Upon information and belief, Defendant Dune is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Defendant Schaffer is a resident of the State of New York.

8. Upon information and belief, Defendants own and operate a cabinet building business located at 216 Mill Road, Westhampton, New York 11977.

9. At all relevant times, Defendant Schaffer was and still is a corporate officer of Defendant Dune. Upon information and belief, at all times relevant, Defendant Schaffer exercised operational control over Defendant Dune, controlled significant business functions of Defendant Dune, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Dune in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Defendant Schaffer has been an employer under the FLSA and the NYLL.

## FACTS

10. At all times relevant to this action, Plaintiff was employed as a carpenter for the benefit of and at the direction of Defendants at their cabinet building business located at 216 Mill Road, Westhampton, New York 11977.

11. Throughout Plaintiff's employment, his primary responsibilities included building kitchen, bathroom, and commercial cabinets.

12. From on or about January 2015 until on or about December 31, 2017, Plaintiff worked six (6) days per week, Monday through Friday from 7:00 a.m. until 5:30 p.m. and on Saturday from 7:00 a.m. until 3:30 p.m. with a thirty-minute break each shift.

13. During this time, Plaintiff worked fifty-eight (58) hours per week.

14. From on or about January 1, 2018 until on or about April 11, 2018, Plaintiff worked five (5) days per week, Monday through Friday from 7:00 a.m. until 4:30 p.m. with a thirty-minute break each shift.

15. During this time, Plaintiff worked forty-five (45) hours per week.

16. From about January 2015 until about May 2015, Defendants paid Plaintiff in cash on a weekly basis.

17. From about February 2016 through July 2016, Defendants paid Plaintiff partly in cash and partly by check on a weekly basis.

18. During the remaining time periods of Plaintiff's employment, Defendants paid Plaintiff by personal check on a weekly basis.

19. Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

20. From on or about January 2015 until on or about March 10, 2018, Defendants only paid Plaintiff straight time for all of the hours that he worked each week.

21. From on or about January 2015 until on or about March 10, 2018, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) hours each week.

22. From on or about January 2015 until on or about March 10, 2018, Defendants did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

23. On or about March 11, 2018, Defendants began paying Plaintiff overtime compensation for those hours that Plaintiff worked in excess of forty (40) hours per week.

24. Throughout Plaintiff's employment, Plaintiff punched in at the beginning of each shift and punched out at the end of each shift. Plaintiff did not punch in or out of his lunch breaks; rather, Defendants subtracted thirty-minutes from Plaintiff's weekly total for each day he worked.

25. Defendants failed to provide Plaintiff with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter, as required by NYLL § 195(1).

26. With the exception of about February 2016 through July 2016, Defendants failed to provide Plaintiff with earnings statements, paystubs, cash receipts, or any other type of wage statement along with his weekly paycheck, as required by NYLL § 195(3).

27. From about February 2016 through July 2016, Defendants provided Plaintiff with weekly earnings statements that did not reflect the actual number of hours Plaintiff worked each week. Such statements only accounted for Plaintiff's first forty (40) hours worked and did not include any overtime hours worked or his overtime rate of pay.

28. Defendant Schaffer participated in the decision to hire Plaintiff.

29. Defendant Schaffer participated in the daily supervision of Plaintiff's duties.

30. Defendant Schaffer participated in setting Plaintiff's work schedule.

31. Defendant Schaffer participated in deciding the manner in which Plaintiff was paid during his employment.

32. Defendant Schaffer participated in running the day-to-day operations of Defendant Dune during Plaintiff's employment.

33. Defendant Schaffer participated in deciding the hours that Plaintiff worked each week during his employment.

34. Defendant Schaffer participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

35. Defendants managed Plaintiff's employment, including the amount of overtime worked.

36. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

37. Defendants were aware of Plaintiff's work hours, but failed to pay him the full amount of wages to which he was entitled for this work time under the law.

38. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

39. In or about October 2017, Plaintiff agreed to loan Defendants fifteen thousand dollars ($15,000).

40. At that time, Defendants agreed to repay Plaintiff in full on December 18, 2017.

41. On December 18, 2017, Defendants gave Plaintiff a check in the amount of fifteen-thousand dollars ($15,000) but told him not to cash it because the account did not have sufficient funds.

42. Defendants told Plaintiff that he would receive another check from a different account but Defendants never gave him another check.

43. Plaintiff demanded repayment of the loan on at least ten occasions between December 18, 2017 and April 11, 2018.

44. On April 11, 2018, Plaintiff made another demand of Defendants to be repaid in full.

45. On April 11, 2018, rather than repay Plaintiff the full amount to which he was owed, Defendants fired Plaintiff and had him removed from Defendants' workshop by the police.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

46. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

47. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

48. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Dune is an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times relevant to this Complaint, Defendants had, and continue to have, two or more employees handle goods or materials that have moved in interstate commerce, including

Plaintiff who was employed as a carpenter, used equipment and supplies that have moved in interstate commerce, and produced cabinets that were sold in interstate commerce.

50. Upon information and belief, the gross annual volume of sales made or business done by Defendant Dune for the years 2017, 2016, and 2015 was not less than $500,000.00.

51. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

56. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

57. Defendants have not acted in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

62. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

63. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

64. Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

65. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their

conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

66. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

67. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

68. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

69. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

70. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. Defendants willfully failed to provide Plaintiff accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

73. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

74. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
## BREACH OF CONTRACT

75. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

76. In or about October 2017, the parties entered into an agreement whereby Plaintiff agreed to loan Defendants fifteen-thousand dollars ($15,000) and Defendants agreed to repay Plaintiff in full on December 18, 2017. Plaintiff and Defendants agreed to and accepted the terms and conditions of this agreement.

77. In or about October 2017, Plaintiff loaned Defendants fifteen-thousand dollars ($15,000).

78. Plaintiff fully and faithfully performed all of his duties, promises, and obligations pursuant to the terms of the agreement.

79. Pursuant to the agreement, Defendants were obligated to repay Plaintiff the full amount of the loan on December 18, 2017.

80. To date, despite due demand, Defendants have failed and refused to repay Plaintiff the full amount of the loan, or any part thereof, pursuant to the terms of the agreement.

81. Defendants breached the terms of the agreement through their failure and refusal to repay Plaintiff the full of amount of the loan to which he is owed in direct violation of the agreement.

82. Defendants' breach of the agreement caused and continues to cause substantial harm to Plaintiff.

83. As a direct result of Defendants' breach of the agreement, Plaintiff has suffered, and continues to suffer, general and consequential damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

   2. Willfully violated the provisions of the FLSA;

   3. Violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

   4. Willfully violated the applicable provisions of the NYLL;

   5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

   6. Breached the loan agreement by failing to repay Plaintiff the full amount to which he is entitled;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

E. Award all costs, attorney's fees incurred in prosecuting this action, and statutory penalties under the NYLL;

F. Award the full amount of the loan given by Plaintiff to Defendants, including interest; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   April 17, 2018

                 _____
                 Neil H. Greenberg, Esq.
                 Neil H. Greenberg & Associates, P.C.
                 *Attorneys for the Plaintiff*
                 4242 Merrick Road
                 Massapequa, New York 11758
                 Tel: 516.228.5100
                 nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Dune Woodworking Inc. and Carl E. Schaffer Jr** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Dune Woodworking Inc. and Carl E. Schaffer Jr** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 4/11/18

*Mynor Camey*
Maynor Romero Camey Batzin

- 1 -